[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 12233 APPEAL FROM FAMILY SUPPORT MAGISTRATE
This is a Uniform Interstate Family Support Act (UIFSA) case. The state of Texas requested the court of Connecticut to determine the issues of paternity, child support, past due support, medical coverage and costs. On July 15, 1984, the plaintiff Terri M. Looney gave birth to Jordan A. Wilkerson. In 1998, Texas requested that this court determine whether the defendant Joseph Burdick was the father of Jordan. Paternity test results indicated that the defendant was the father of the child and, on January 6, 2000, the defendant was adjudged to be the father of the child and he signed an acknowledgment of paternity. A hearing was held before Magistrate Alvord on January 6, 2000 to determine the amount of child support the defendant "should pay, how much past due support existed, medical coverage add costs.
Magistrate Alvord determined that the defendant's child support obligation was $135 per week based on the work sheet prepared by support enforcement. Counsel for the defendant determined that the defendant's child support obligation should be $117 per week based on the increased earnings of the plaintiff at the time of the hearing. Sylvia W. Carver, a support enforcement officer, testified that the figure used to determine the plaintiffs percentage of support was based on an average of thirteen weeks of earnings. As a result, the percentage of support to be paid by the defendant equals 65 percent, and the plaintiff is responsible for the remaining 35 percent.
During the last week of December, 1999, the plaintiff received a pay increase bringing her earnings to $448 per week. If the magistrate court utilized the plaintiff's increased weekly salary, the percentage of support the defendant is obligated to pay is 58 percent and the plaintiff is responsible for the remaining 42 percent.
The defendant filed an appeal from the January 6, 2000 decision of Magistrate Alvord on February 9, 2000. Oral argument was heard May 26, 2000 and the bearing was closed on June 16, 2000 upon the filing of briefs by both sides.
The court will first determine whether it has jurisdiction over this appeal. "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal. . . . Dismissal is required in such a situation because, if the appellant lacks standing to appeal the case, the court lacks jurisdiction to hear the appeal. A jurisdictional defect CT Page 12234 may be brought to the attention of the court at any time, and, if the court lacks jurisdiction, it must dismiss the case either on the motion of a party or on its own motion" (Citations omitted; internal quotation marks omitted.) Office of Consumer Counsel v. Dept. of Public UtilityControl, 234 Conn. 624, 640, 662 A.2d 1251 (1995). The court finds that the appeal was not filed in a timely manner. An appeal from the magistrate court must be filed within fourteen days of the decisions being appealed. See General Statutes § 46b-231(n)(2).[1]
The defendant's appeal is dismissed for lack of subject matter jurisdiction because the defendant failed to comply with the timing requirement of General Statutes § 46b-231(n)(2). This decision is without prejudice to the defendant to file a Motion to Modify his child support based on plaintiff's current income.
Kenefick, J.